IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEVIN D. KEHM**, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>**AIR LINE PILOTS ASSOCIATION,** )<br>**INTERNATIONAL**, )<br>)<br>Defendant ) | CASE NO. 4:14-CV-444-O-BJ |

### PLAINTIFF'S BRIEF OPPOSING DEFENDANT AIR LINE PILOTS ASSOCIATION, INTERNATIONAL'S MOTION TO STAY DISCOVERY

Plaintiff Cevin D. Kehm respectfully requests that this Court deny Defendant Air Line Pilots Association, International ("ALPA's") Motion to Stay Discovery pending resolution of ALPA's Motion to Dismiss the Complaint ("Motion"), and states as follows:

### Background

ALPA prepared and filed a Joint Scheduling and Discovery report on May 22, 2014 in the Southern District of Florida. The Plaintiff, proceeding Pro Se, did participate in the required Conference, did review the final report, as prepared by

ALPA, and did not reject the language upon which the Defendant apparently bases its Motion:

> The parties further submit that, if the Court grants ALPA's motion to transfer this matter to the Northern District of Texas, then that Court should resolve ALPA's motion to dismiss and discovery (if any) should then proceed in that Court as outlined above and, further, according to the appropriate order of that Court.

(J. Sch'g & Disc. Rpt. 5 [ECF 24]).

On June 16, 2014, this Court ordered the parties to submit a new Joint Status Report and Proposed Discovery Plan. [ECF 30]. The Court indicated that it was aware that a Joint Scheduling and Discovery Report was filed in the 11th Circuit, but indicated that a new report, containing additional information, was needed. *See id.* n.1.

On July 1, 2014, the parties participated in a new conference to produce a new Joint Status Report and Proposed Discovery Plan. At this conference, the Plaintiff clearly advised ALPA that his interest was to expedite the resolution of his Complaint and that the transfer of this matter to the Northern District of Texas (at ALPA's request), coupled with ALPA's previous efforts to delay (initially denied [ECF 10], then granted in part by the Southern District of Florida [ECF 13]) has had the effect of dragging this case out longer than it otherwise would have been, had it remained in the Southern District of Florida. ALPA concurred that it also shared a desire to expedite the case, now that it was in this District, and pondered how to get this case assigned to Judge Solis, in order to  - in ALPA's mind - effect that expedition.

Additionally, the Plaintiff advised ALPA that Discovery would prove to be challenging to him, given his status as a Pro Se Plaintiff, and that beginning the discovery process now, as contemplated by both parties and the Federal Rule of Civil Procedure, would afford him the necessary time needed to grasp this process and minimize any future delays in this matter.

At no time during this conference did ALPA inquire as to the scope of Plaintiff's discovery, how - or with what - he intended to begin the process, nor did ALPA demonstrate or discuss how commencing the discovery process would cause any undue burden to ALPA.

**Argument**

Defendant ALPA, in its Motion currently under consideration, does no more than rehash the arguments presented in its Motion to Dismiss that it should entirely win dismissal and therefore discovery would be unnecessary and should be stopped by this Court while ALPA awaits this apparent inevitability. The fact is, ALPA recognizes that discovery will quickly and conclusively demonstrate that ALPA did breach its duty of fair representation ("DFR") to the Plaintiff, as alleged and described in the Complaint.

The Court clearly does have discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1); *accord Landry v. Air Line pilots Ass'n Int'l AFL-CIO,* 901 F. 2d. 404, 436 (5th Cir. 1990). However here, the Defendant has not shown good cause for a stay by, for example, establishing that ALPA would suffer "annoyance, embarrassment, oppression, or undue burden or expense" absent a stay. Fed. R. Civ. P. 26(c)(1).

Instead, ALPA attempts to argue that a stay of discovery is almost pro forma. This is, however, wrong. "Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery…until the motion is resolved." *Escareno v. Lundbeck, LLC*, No. 3: 14-cv-257-B (N.D. Tex. May 15, 2014)(citing *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.,* No. 3:08-cv-774-L, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008)). "In fact, such a stay is the exception rather than the rule." *Id.* "[H]ad the Federal Rules contemplated that a motion to

dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect" *Id.*

ALPA fails to demonstrate any need to stall any and all discovery at this stage of the case. *Compare U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.,* 571 F. Supp. 2d. 766, 767-68 (W.D. Tex. 2008). In fact, discovery at this precise point – with a pending motion to dismiss – may be necessary before the Court can make a meaningful ruling on a motion to dismiss. *See: Chudasama v. Mazda Motor Corp.,* 123 Fed. 3d 1353, 1367 (11th Cir. 1997).

Accordingly, the Plaintiff respectfully requests this Court deny Defendant's Motion and order ALPA to immediately supply its Initial Disclosures, in compliance with Federal Rule of Civil Procedure 26(a)(1)(A).

Dated this 29th day of October, 2014

Respectfully submitted,

s/ Cevin D. Kehm

Cevin D. Kehm
9780 Palmetto Club Dr.
Miami, FL  33157
Tel: (305) 505-4443
E-mail: cevinkehm@gmail.com

Plaintiff *Pro Se*

## Certificate of Service

On October 29th 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

s/ Cevin D. Kehm_____

## SERVICE LIST

### CEVIN D. KEHM v. AIR LINE PILOTS ASSOCIATION, INTL

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### CIVIL ACTION NO: 4:14-CV-444-O

Gillespie Sanford, LLP
4925 Greenville Ave., Suite 200
Dallas, TX  75206
Telephone: 214-800-5133
Fax: 214-838-0001
E-Mail: hkg@gillespiesanford.com

Attorney for Defendant

Matthew E. Babcock, Esq.
AIR LINE PILOTS ASSOCIATION, INT'L
535 Herndon Parkway
Herndon, VA  20170-1169
Telephone:  703-481-2427
Fax:  703-481-2478
E-Mail: matthew.babcock@alpa.org

Attorney for Defendant

Marcus C. Migliore
AIR LINE PILOTS ASSOCIATION, INT"L
1625 Massachusetts Ave. N.W.
Washington, D.C.  20036
Telephone:  202-797-4054
Fax:  202-797-4014
E-Mail: marcus.migliore@alpa.org

Attorney for Defendant

Cevin D. Kehm
9780 Palmetto Club Dr.
Miami, FL  33157
Tel: (305) 505-4443
E-Mail: cevinkehm@gmail.com

Plaintiff *Pro Se*