IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CEVIN D. KEHM,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:14-CV-444-O |
| § | |
| **AIR LINE PILOTS ASSOCIATION** § | |
| **INTERNATIONAL,** § | |
| § | |
| **Defendant.** § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 57), filed October 17, 2014, is **GRANTED**. By separate judgment, Plaintiff's claims against Defendant will be **DISMISSED with prejudice**.[1]

---

[1] The Court notes that allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted his best case when the plaintiff has had "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Here, the parties have previously briefed a separate motion to dismiss, which was later denied as moot when Plaintiff sought to amend his Complaint (ECF Nos. 20, 23, 25, 46, 48-49, 52). The Court finds that Plaintiff has had a fair opportunity to make out his case, and in fact has asserted his best case in his First Amended Complaint,

**SO ORDERED** this **19th** day of **May, 2015.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

warranting dismissal with prejudice.  *See id.*